## W. D. Howze *v.* The State.

**Criminal Law — Technical Violation of a Statute.**

> In the prosecution for a misdemeanor, although the evidence acquits the defendant of moral wrong or corrupt intent, if it shows a technical violation of a statute a conviction will be sustained.[1]

Appellant, Howze, was treasurer of De Soto county, his term expiring January 1, 1880. He turned over all the books and records of his office to his successor except a small account-book which he bought and paid for himself which contained various memoranda of accounts with the county and reports made by him as treasurer. The evidence showed that everything contained in this book was of record in the chancery clerk's office; that appellant regarded this book as his private property and not the property of the county. This book was demanded of him and he refused to give it up to his successor. He was indicted for failing to turn over the records of his office to his successor and convicted. The court gave the following instruction for the State, to which defendant excepted.

---

[1]
Where an act, without reference to the intent, is made punishable the law will presume the intent from the doing of the act, and it is no defense that the accused acted in good faith, not intending a wrongful act. Knight *v.* State, 64 Miss. 802, 2 So. 252; King *v.* State, 66 Miss. 502, 6 So. 188.

Under this rule the good faith or honest belief of one indicted under section 2980, Code 1880, for going upon the enclosed land of another, after being notified not to do so, is held to be no defense. Knight *v.* State, 64 Miss. 802, 2 So. 252.

And so of a sale of a beverage that is intoxicating. King *v.* State, 66 Miss. 502, 6 So. 188.

And this is true of the statutory offense of carrying a concealed weapon. Strahan *v.* State, 68 Miss. 347, 8 So. 844.

" If the defendant intentionally retained the records of his office from his successor in office before or after a legal demand was made upon him for them he is guilty as charged and the jury should so find."

Defendant was sentenced to pay a fine of $25 and costs and appeals.

*Affirmed.*

APPEALED from Circuit Court, De Soto county, A. T. ROANE, Judge.

Affirmed, March 17, 1884. ·

*Attorneys for appellant, Fitzgerald & Whitfield.*

*Attorney for State, T. C. Catchings, Attorney-General.*

Brief for appellant:

The error, as we think, in the judgment of the court below, and upon which we rely for a reversal, was the instruction of the court below at the request of the State, to-wit: " If the defendant intentionally retained the records of his office from his successor in office before or after a legal demand was made upon him for them he is guilty as charged and the jury should so find."

This was the only instruction given by the court in the last trial. No other was asked on either side.

This instruction was wrong and calculated to mislead the jury. If intentionally means willfully, in contemplation of the statute the instruction is correct; otherwise it is not correct. The jury understood by the instructions that if the defendant intended to retain the book, no matter what induced him to do so, he was guilty as charged. That was the only construction they could give it. It was equivalent to instructing them to find a verdict of guilty. If the defendant refused to give up the book, he of course intentionally retained it, and yet this court, when the case was here before, makes a distinction between a mere refusal and a willful refusal. This fact was urged upon the consideration of the court below, but without avail. 59 Miss. 233. By the ruling of the court the jury were given distinctly to understand that the words " intentionally " and " willfully " are synonymous for the purposes of this case. It

is undoubtedly true that if the defendant intentionally retained from his successor what he regarded as the records of the office he was guilty. But the proof abundantly shows that the defendant did not regard the book as appertaining to the office of treasurer. He did not so receive it from his predecessor. He received it as the private memorandum-book of his predecessor. His predecessor certainly did not regard it as a book required by law, otherwise he would have charged the county with the money he paid for it. He received it as a gift from his predecessor and kept and regarded it as *he* had done, as a private memorandum-book. Had there been any entry relating to his office in the book which he could have had reason to conceal that fact might have outweighed everything said by defendant, but when it is considered that every entry relating to his office had been reported to the board of supervisors; that his reports had been recorded and the reports duly filed in the chancery clerk's office, the idea of a willful detention of the book is completely exploded.

  *   *   *   If defendant regarded the book as a record of his office, his intention to retain it would have been willful without doubt, but regarding it as his individual property excludes the idea of his regarding it as a record of the office and, therefore, relieves him of the imputation of willfully refusing to do his duty or of intentionally retaining the records of his office from his successor in office.   *   *   *

The indictment is under the Code of 1880, § 2788, which makes the offense charged a felony or a misdemeanor at the discretion of the court. The indictment charged that a felony was committed and the verdict of the jury is " guilty as charged." The judgment of the court is, " that the defendant be fined the sum of $25." This court, when the case was before them at October term, 1881, say : " The indictment charges that the term of office of the defendant expired on the first Monday of January, 1880, and for this reason he could not be convicted of any offense created by the Code of 1880," etc., and yet as far as can be ascertained from the record, he was convicted of an offense created by the Code of 1880. The court further say, " but the indictment also included an offense under Code 1871, §§ 262, 2890." Under the Code of 1871, the offense was a misdemeanor. It is manifest from the indictment that the grand jury indicted defendant under the Code of 1880, and not under Code of 1871. The record of the proceedings shows that defendant was convicted under the Code of 1880.

Brief for appellee:

If the book retained was a part of the records of the office, the fact that defendant may not have thought it was is no defense. It was his business to turn over the records to his successor, and he will not be heard to say that he did not know what the records were.

Moreover the word "intentionally" was manifestly used as synonymous with "willfully."

The question as to which Code the indictment was found under was settled when this case was here before.

PER CURIAM:

The appellant was convicted nominally of a felony but actually of a misdemeanor, for it is only by virtue of the law in force prior to the Code of 1880, and continued by it, that the indictment was sustained, and by that law the offense was a misdemeanor.

The evidence acquits the appellant of any moral wrong or corrupt intent. His withholding the book was a technical offense, as he should have delivered it to his successor, and intentionally and deliberately refused to do it. There was no error in the instructions of the court to the jury.

Judgment *affirmed.*